UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASBERRY DANIELS,

                    Plaintiff,                    Case No. 17-10269

v.                                                Paul D. Borman
                                                  United States District Judge
NICKOLAS LESLIE and HERB
BRIGHTON,                                         Anthony P. Patti
                                                  United States Magistrate Judge
                    Defendants.
_____/

**<u>OPINION AND ORDER:
(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 14);
(2) ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 30, 2017
REPORT AND RECOMMENDATION (ECF NO. 13); AND
(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR DISMISSAL AND/OR SUMMARY JUDGMENT (ECF NO. 10)</u>**

Plaintiff Asberry Daniels alleges that Defendants Nickolas Leslie and Herb

Brighton violated his rights under the Americans with Disabilities Act ("**ADA**"), 42

U.S.C. § 12101, *et seq.*, as well as the Eighth Amendment's prohibition of cruel and

unusual punishment, when they handcuffed him while he was suffering an epileptic

seizure in his prison cell. Defendants subsequently moved for dismissal of both

claims under Federal Rules of Civil Procedure 12(b)(6) and 56(a).

In a Report and Recommendation issued on November 30, 2017, Magistrate

Judge Anthony P. Patti recommended that this Court dismiss Plaintiff's ADA claim

for failure to state a legally cognizable claim under Rule 12(b)(6), but deny

Defendants' motion as to Plaintiff's Eighth Amendment claim. Only the first of these two determinations has been challenged, in a set of objections Plaintiff has filed to the Magistrate Judge's Report and Recommendation. For the reasons that follow, the Court will overrule Plaintiff's objections, adopt the Magistrate Judge's November 30, 2017 Report and Recommendation, grant Defendants' motion as to Plaintiff's ADA claim, and deny Defendants' motion as to Plaintiff's Eighth Amendment claim.

## I.    BACKGROUND

Plaintiff, who is currently incarcerated at the Michigan Department of Corrections ("**MDOC**") Gus Harrison Correctional Facility, filed this pro se civil-rights action on January 26, 2017. (ECF No. 1, Compl.) Plaintiff alleges that he suffers from epilepsy, and that he experienced a grand mal seizure in his cell on September 9, 2016. (Compl. ¶¶ 8, 10.) Plaintiff further alleges that Defendants Leslie and Brighton (both MDOC corrections officers) entered his cell in response to his seizure, followed shortly thereafter by MDOC health care staff, who brought a wheelchair and a stretcher. (*Id.* ¶¶ 12-14.) Defendant Leslie directed Defendant Brighton to place handcuffs on Plaintiff while he was still in the throes of the seizure, according to the Complaint, and rather than using the wheelchair or the stretcher to convey Plaintiff to the health care services department, Defendant Leslie then "directed that Plaintiff be placed in a restraint chair that, under MDOC policy, is

2

reserved for minatory and extremely violent prisoners." (*Id.* ¶¶ 15-16.) Plaintiff

alleges that Defendant Brighton handcuffed him "so tightly that Plaintiff suffered

deep scarring around the circumference of both of [his] wrists, these scars appearing

deeper than the dermis and resulting in the loss of significant motor function in both

of Plaintiff's hands, [and] rendering him unable to, <u>inter alia</u>, grasp eating and writing

utensils properly." (*Id.* ¶ 17.) Based on these allegations, Plaintiff asserts one claim

of discrimination under the ADA in Count I of the Complaint (*id.* ¶¶ 18-25), and one

claim of cruel and unusual punishment in violation of the Eighth Amendment and

42 U.S.C. § 1983 in Count II of the Complaint (*id.* ¶¶ 26-30).

The Court referred this matter to Magistrate Judge Anthony P. Patti for all

pretrial proceedings on March 3, 2017. (ECF No. 7.) Shortly thereafter, on April 26,

2017, Defendants filed a Motion for Dismissal and/or Summary Judgment, seeking

dismissal of Plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(6),

and summary judgment as to Plaintiff's Eighth Amendment claim under Federal

Rule of Civil Procedure 56(a). (ECF No. 10, Defs.' Mot.) The Magistrate Judge

ordered Plaintiff to respond to Defendants' Motion on May 4, 2017 (ECF No. 11),

and Plaintiff filed a timely Response on May 31, 2017 (ECF No. 12, Pl.'s Resp.).

Defendants did not file a Reply.

The Magistrate Judge issued a Report and Recommendation concerning

Defendants' Motion on November 30, 2017, recommending that this Court grant the

Motion as to Plaintiff's ADA claim and deny the Motion as to his Eighth Amendment claim. (ECF No. 13, Report and Recommendation.)

Regarding the ADA claim, the Magistrate Judge construed the Complaint as asserting a claim under 42 U.S.C. § 12132 of the ADA, which provides in full that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." (Report and Recommendation at 6, Pg ID 159 (quoting 42 U.S.C. § 12132).) Turning to Defendants' arguments for dismissal, the Magistrate Judge first rejected their contention that Plaintiff's ADA claim must fail because the Defendants are not "public entities" under the statute, noting that Plaintiff sued Defendants in their official capacities, which makes his claim cognizable under the ADA. (Report and Recommendation at 8, Pg ID 161 (collecting authorities).)

At the same time, the Magistrate Judge determined that the conduct alleged by Plaintiff in the Complaint does not violate 42 U.S.C. § 12132.[1] To establish a

---

[1] Both the Report and Recommendation and the case law discussed below also use the term "Title II" to refer to public-entity discrimination claims under 42 U.S.C. § 12132, like Plaintiff's claim in this case: Title II of the ADA is the component of the statute that concerns public services, and 42 U.S.C. § 12132 is the provision within it that generally prohibits disability discrimination in that context. As in the Report

4

prima facie case of discrimination under that provision, a plaintiff must plead or

prove that "(1) she has a disability; (2) she is otherwise qualified; and (3) she is being

excluded from participation in, being denied the benefits of, or being subjected to

discrimination under the program . . . because of her disability." (Report and

Recommendation at 8-9, Pg ID 161-62 (alteration in original) (internal quotation

marks omitted) (quoting *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008),

*abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir.

2015)).) "Further, the plaintiff must show that the discrimination was *intentionally*

directed toward him or her in particular." (*Id.* at 9, Pg ID 162 (emphasis in original)

(quoting *Tucker*, 539 F.3d at 532).) Under this standard, the Magistrate Judge found,

Plaintiff's assertion that "Defendants discriminated against him on the basis of his

epileptic condition by denying him 'the right to proper treatment, medical and

otherwise,' and that they did so by their 'individual and collusive treatment of him

during his medical episode . . . [,]'" does not constitute an allegation of a Title II

violation. Instead, as the Magistrate Judge explained, that allegation

> rings in terms of an Eighth Amendment excessive force claim. That
> Plaintiff is challenging the reasonableness of Defendants' response to a
> *particular* seizure is evident in the other paragraphs of this cause of
> action, where he questions "the intensity and the degree of the
> restraints . . . [,]" and makes other allegations about what these

---

and Recommendation and the case law, the term "Title II" as used in this Opinion
and Order refers to the public-entity discrimination provision at 42 U.S.C. § 12132.

defendants "knew or should have known . . . [.]" In fact, the "general allegations" portion of Plaintiff's complaint admits that Health Care Services brought a wheelchair and a stretcher but then alleges that Defendants did not use these items. In so doing, Plaintiff's Eighth Amendment claim against these Defendants seems limited to the manner in which he was restrained at a particular moment in time, during a specific medical event, rather than alleging that Defendants *generally* impeded Plaintiff's ability to obtain medical treatment or accommodation for his disability in violation of 42 U.S.C.A. § 12112(b)(5)(A),[2] or that Defendants excluded him from participation in, denied him the benefits of, or subjected him to discrimination under a service, program or activity – *e.g.* treatment by Health Care Services - because of his disability. *Tucker*, 539 F.3d at 532; 42 U.S.C. § 12132.

(Report and Recommendation at 9-10, Pg ID 162-63 (emphases in original) (citations omitted).)

On the other hand, the Magistrate Judge determined that Plaintiff has

---

[2] 42 U.S.C. § 12112(b)(5)(A) likely would not apply here in any case, since it falls within Title I, the subchapter of the ADA that prohibits disability discrimination specifically in the employment context. *See id.* § 12112(a) (stating Title I's "[g]eneral rule" that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment"). Plaintiff has not alleged an employment or prospective employment relationship with Defendants, nor does he appear to have asserted a claim under Title I. Plaintiff's public-entity discrimination claim is brought under Title II, and the Magistrate Judge concluded that that claim was deficiently pled for the reasons stated in the portion of the Report and Recommendation quoted above: i.e., because Plaintiff has not alleged "that Defendants excluded him from participation in, denied him the benefits of, or subjected him to discrimination under a service, program or activity . . . because of his disability." (Report and Recommendation at 10, Pg ID 163 (alteration in original) (citing *Tucker*, 539 F.3d at 532 and 42 U.S.C. § 12132).)

sufficiently alleged an excessive-force claim under the Eighth Amendment, and recommended that this Court deny Defendants' Motion as to that claim. The Magistrate Judge based this recommendation on his finding that Defendants have not demonstrated that they are entitled to qualified immunity as to the Eighth Amendment claim, as well as his finding that the record evidences a genuine issue of material fact regarding the degree of physical injury suffered by Plaintiff as a result of Defendants' alleged actions.

Plaintiff filed objections to the Report and Recommendation on December 11, 2017. (ECF No. 14, Pls.' Obj.) Defendants have not filed a response to Plaintiff's objections, nor have they filed any objections of their own.

## II.      STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially

consider." *Id.* (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that the Complaint "does not allege any program or service from which he was excluded or denied because of his epileptic condition." (Pls.' Obj. at 1, 4, Pg ID 175, 178 (quoting Report and Recommendation at 9, Pg ID 162).) In point of fact, Plaintiff argues, he has alleged two such programs or services: the receipt of emergency medical assistance from first responders, and the custodial arrest that the Defendants' response to Plaintiff's seizure quickly turned into. Regarding the latter, Plaintiff argues that custodial arrests are among the "services, programs, or activities" of which persons with disabilities may not be "denied the benefits" under Title II of the ADA. 42 U.S.C. § 12132. Plaintiff bases this argument on *Babcock v. Michigan*, 812 F.3d 531 (6th Cir. 2016), in which the Sixth Circuit observed that in a decision handed down the previous year, the Supreme Court had stated that Title II "would apply to an arrest

if an arrest is an 'activity' in which the arrestee 'participates' or from which the arrestee may 'benefit.'" *Id.* at 535 (internal quotation marks omitted) (quoting *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1771 (2015)).

What this argument overlooks, however, is that notwithstanding the quoted language from *Sheehan*, the Supreme Court expressly declined to decide that issue in that case. *See Sheehan*, 135 S. Ct. at 1772-74; *see also Babcock*, 812 F.3d at 535 ("Ultimately, the Court assumed, *without deciding*, that the ADA applies to such arrests.") (emphasis added). Since *Sheehan* and *Babcock* were decided, neither the Supreme Court nor the Sixth Circuit has addressed the issue of whether arrests come within the scope of Title II, so the question remains open.

Yet even assuming that both first-responder aid and custodial arrests are "services, programs, or activities" within the meaning of Title II, the fact remains that Plaintiff has not alleged facts demonstrating that he was "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity," or that he suffered discrimination by such an entity, "*by reason of [his] disability*." 42 U.S.C. § 12132 (emphasis added). Title II requires that Plaintiff show a causal relationship between his disability and Defendants' alleged discriminatory conduct. Sixth Circuit precedent originally required a plaintiff to show that "she [was] being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program *solely* because of her

disability." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008) (emphasis added). In 2012, the Sixth Circuit's "decision in *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 317 (6th Cir .2012) (en banc), rejected this sole-causation requirement." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Still, even though a plaintiff is no longer required to show that his or her disability was the *only* reason for the defendant's challenged actions, he or she still "must show that the defendant took action *because of* the plaintiff's disability, *i.e.*, the plaintiff must present evidence that *animus* against the protected group was a *significant factor*[.]" *Gohl v. Livonia Pub. Sch.*, 134 F. Supp. 3d 1066, 1080 (E.D. Mich. 2015) (alteration and emphases in original) (citing *Anderson*, 798 F.3d at 357), *aff'd sub nom. Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672 (6th Cir. 2016).

Here, there is no indication that Defendants engaged in any intentionally discriminatory conduct "*because of* the plaintiff's disability." *Id.* (emphasis in original). The Court finds a recent decision by the Sixth Circuit, which was handed down after the Magistrate Judge issued his Report and Recommendation, to be highly instructive on this point. *Smith v. City of Troy, Ohio*, 874 F.3d 938 (6th Cir. 2017), also concerned a plaintiff who suffered from epilepsy, and he alleged that while he was experiencing a seizure in a public place, local law enforcement officers brought him to the ground with a leg sweep, used a taser on him numerous times (for an aggregate total of approximately 48 seconds), handcuffed him, and otherwise

employed excessive force in restraining him. *See id.* at 942. The plaintiff brought

various claims against the city and the officers, including a claim for discrimination

under the ADA and several claims for excessive use of force in violation of the

Fourth Amendment. *See id.* at 943. The district court granted summary judgment to

the defendant as to all claims, and the Sixth Circuit reversed that judgment in part,

finding that issues of fact precluded summary judgment on some of the plaintiff's

excessive-force claims. *See id.* at 943-47. But his ADA claim, in the Sixth Circuit's

view, had been properly dismissed on summary judgment:

> Smith also claims that the defendants denied him access to police
> services because of his disability, in violation of Title II of the ADA. In
> order to establish a Title II violation, the plaintiff must show that the
> defendants intentionally discriminated against him *because of* his
> disability. In this case, even granting that the officers used excessive
> force against Smith, he has not shown that they intentionally
> discriminated against him because of his disability. Accordingly, we
> find that the district court correctly granted summary judgment to the
> defendants on Smith's ADA claim.

*Id.* at 947 (internal citation omitted) (citing *Thompson v. Williamson Cty.*, 219 F.3d

555, 558 (6th Cir. 2000)).

*Smith* controls the outcome here. Accepting Plaintiff's well-pleaded factual

allegations as true, the Magistrate Judge found that to whatever extent Plaintiff has

a legal remedy in this case, it is under the Eighth Amendment. In light of *Smith* and

the other authorities discussed above, this Court finds no error in that determination.

## IV. CONCLUSION

For the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objections (ECF No. 14);

- ADOPTS the Magistrate Judge's November 30, 2017 Report and Recommendation (ECF No. 13);

- GRANTS Defendants' Motion for Dismissal and/or Summary Judgment (ECF No. 10) as to Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, asserted in Count I of the Complaint; and

- DENIES Defendants' Motion for Dismissal and/or Summary Judgment (ECF No. 10) as to Plaintiff's Eighth Amendment claim asserted in Count II of the Complaint.

IT IS SO ORDERED.


Dated: July 2, 2018                          s/Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 2, 2018.

                                             s/D. Tofil
                                             Deborah Tofil, Case Manager