UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASBERRY DANIELS,

        Plaintiff,         Case No. 17-cv-10269

v.         Paul D. Borman
        United States District Judge

NIKOKAS LESLIE and HERB
BRIGHTON,         Anthony P. Patti
        United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER:**
**(1) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS (ECF NO. 22);**
**(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 23);**
**(3) ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ANTHONY P. PATTI (ECF NO. 19);**
**(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)**

On October 29, 2018, Magistrate Judge Anthony P. Patti issued a Report and Recommendation (ECF No. 19) addressing Plaintiff Asberry Daniels' August 18, 2018 Verified Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a) (ECF No. 16). In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff's Motion for Summary Judgment.

Now before the Court are Plaintiff's November 26, 2018 Objections to the Report and Recommendation. (ECF No. 20, Pl.'s Obj.) Plaintiff did not file timely Objections, so also before the Court is Plaintiff's Motion for Enlargement of Time

Pursuant to Rule 6(1)(B). (ECF No. 22.) The Court will grant Plaintiff's Motion for Enlargement of Time. Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Magistrate Judge and the pertinent portions of the record are accurately and adequately set forth in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (Report and Recommendation, ECF No. 19, PgID 212-13.) The following summary contains only the facts essential to the Court's evaluation of Plaintiff's objections.

The Magistrate Judge found that Plaintiff alleged a claim under the Eighth Amendment for excessive force, as opposed to claims for deliberate indifference to a serious medical need, as Plaintiff did receive medical care shortly after the Defendant Officers arrived at his cell. (*Id.*)

Plaintiff references affidavits previously filed by the Officers who responded to his cell during the seizure. Both affidavits stated that the reason the Officers used hand restraints was to transport Plaintiff to Health Services. Officer Brighton

testified that he "secured to hand restraints in such a way as to ensure they were not too tight by inserting his finger between the prisoner's wrist and the handcuff and, then, double-locking the cuffs with an ink-tip pen." (ECF #10-3 ¶8.)

In his Motion for Summary Judgment, Plaintiff states that under Michigan Department of Correction ("MDOC") Policies, an alternative to the use of force is "waiting for the offender to 'cool down'" provided that this "can be done safely; e.g., a prisoner who is disruptive but confined and is not physically harming himself…." (Citing Apr. 17, 2017 Affidavit of Steven Kindinger, Def. Leslie's Mot. for Summ. J., ECF #10-5, PgID 84.)

Further, in his Objections, Plaintiff describes his injuries caused by the hand restraints and the treatment he received. The seizure and restraint at issue occurred on September 9, 2016. Plaintiff states that he submitted a request for medical treatment for deep scars on both wrists from the handcuffs. According to the treating nurse Gregory Boyd's notes from his exam on September 16, 2016:

> I examined his wrists and noticed 3 "very minor" lacerations or abrasions. Two of these were on the right wrist and one on the left. No infection was present. I treated the very minor abrasions with topical antibiotic ointment and a Band-Aid, and provided him with additional ointment and Band-Aids in case he needed them in the future.
>
> Prisoner Daniels did not report any numbness, tingling, or loss of motor functioning in any wrist, nor did I notice any evidence of this during my examination.

(April 21, 2017 Aff. of Gregory Boyd, R.N., ECF #10-8, PgID 112-13, ¶¶6-[8].) During the exam, Plaintiff also reported a pain score of zero out of ten. (*Id.* at PgID 116.)

In the Report and Recommendation, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment. Plaintiff raises two specific objections to this finding. For the reasons stated below, the Court will reject Plaintiff's objections and adopt the Magistrate Judge's Report and Recommendation.

## II. STANDARDS OF REVIEW

A district court judge reviews de novo the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (alterations added).

5

## III. ANALYSIS

**A.** **Plaintiff's First Objection: "The Magistrate Judge erred when he concluded that there exists a genuine dispute as to the material fact of an injury incurred by Plaintiff."**

Plaintiff essentially argues that the Magistrate Judge incorrectly determined that there is a genuine issue as to the objective component of Plaintiff's excessive force claim. There remains a "genuine dispute as to the material fact of injury," as discussed in the Magistrate Judge's November 30, 2017 Report and Recommendation. (ECF No. 13, PgID 171-73.) (Internal quotation marks omitted.) This objection is overruled in light of the competing declarations/affidavits provided by Plaintiff and the affidavits of treating medical staff. Injuries described as severe scarring from wounds below the dermis that resulted in the loss of manual mobility (*see* Dec.s of Plaintiff, Anthony Chandler, Ardra Young, ECF No. 12) is in conflict with those described as minor lacerations without swelling or redness that could be treated with three Band-Aids, antibiotic ointment and reported to inflict pain at a zero out of ten level (*see* Boyd Aff. ECF #10-8, PgID 112-13, ¶¶6-[8]). On Plaintiff's Motion for Summary Judgment, Plaintiff must also present enough evidence to allow a reasonable jury to find in his favor by a preponderance, *Anderson*, 477 U.S. at 252, and "[t]he 'mere possibility' of a factual dispute is not enough." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008) (quoting *Mitchell*

*v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)). Plaintiff has not overcome his burdens and therefore summary judgment is not appropriate, and the first objection is overruled.

**B.	Plaintiff's Second Objection: "The Magistrate Judge erred by concluding that there are unanswered questions concerning what informed Defendant's actions to apply handcuffs while he was incapacitated by a Grand Mal seizure."**

Plaintiff also objects to the Magistrate Judge's conclusion that there exists a genuine issue of fact as to the subjective element of his excessive force claim. Plaintiff maintains his allegations that because he was disabled by the seizure, the hand restraints were applied for no other reason than to inflict pain, as there are no possible scenarios in which the Officers handcuffed Plaintiff with the intent to maintain order. (Pl.'s Obj. ECF No. 23, PgID 238.)

However, as the Magistrate Judge has discussed in a previous Report and Recommendation, Plaintiff was unable to communicate to the Officers if he indeed felt that the handcuffs were too tight, so the Court is unable to determine in hindsight what the Officers' reaction may have been to a request to loosen the restraints. (Report and Recommendation, Nov. 30, 2017, ECF No. 13, PgID 168.) Because Plaintiff was so disabled by the seizure, he was not able to ascertain the state of mind of the Officers. (Report and Recommendation, Oct. 29, 2018, ECF No. 19, PgID

219.) Further, Officer Brighton testified in his affidavit that he "secured the hand restraints in such a way as to ensure they were not too tight by inserting his finger between the prisoner's wrist and the handcuff and, then, double-locking the cuffs with an ink-tip pen." (ECF No.10-3 ¶8.) Both Officers' affidavits also stated that the reason the Officers used hand restraints was to transport Plaintiff to Health Services (as opposed to punish Plaintiff or for any other impermissible reason).

Lastly, Plaintiff argues that the Officers were bound by policy to allow Plaintiff a chance to "cool down" in his cell before using force. The "cool down" policy states that it is only an option if the prisoner is not in danger – from the facts as described by Plaintiff, he appeared to be in serious danger posed by the ongoing seizure, so the "cool down" was not an option.

Accordingly, there remains a genuine issue of material fact as to the subjective component of Plaintiff's excessive force claim, and the second objection is overruled.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- GRANTS Plaintiff's Motion for Enlargement of Time (ECF No. 22);

- OVERRULES Plaintiff's Objections (ECF No. 23);

- ADOPTS the Report and Recommendation of Magistrate Judge Anthony P. Patti

(ECF No. 19) as this Court's findings and conclusions of law; and

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 16).

    IT IS SO ORDERED.

Dated:  March 29, 2019                      s/Paul D. Borman
                                                      Paul D. Borman
                                                      United States District Judge