UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASBERRY DANIELS,

       Plaintiff

v.

NICKOLAS LESLIE and
HERB BRIGHTON,

       Defendants.
_____/

Case No. 2:17-CV-10269
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (DE 29), GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A SECOND DISPOSITIVE MOTION (DE 31), and DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (DE 21)</u>**

**A.    Introduction**

Asberry Daniels is currently incarcerated at the MDOC's Gus Harrison Correctional Facility (ARF), where he is serving a life sentence imposed on March 15, 1995.[1] On January 26, 2017, while incarcerated at ARF, Daniels filed the instant lawsuit against Nickolas Leslie and Herb Brighton, each of whom is described as an employee of the MDOC at ARF. (DE 1 at 2 ¶ 7, DE 18.)

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited May 7, 2019 (Case No. 942834-FC (Kent County)).

Plaintiff's complaint has survived the first round of dispositive motion practice. (*See* DE 15, DE 34.) Currently pending before the Court are three motions: **(1)** Plaintiff's November 21, 2018 motion for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (DE 21); **(2)** Plaintiff's February 1, 2019 motion to compel discovery and for sanctions pursuant to Fed. R. Civ. P. 37(a)(1) (DE 29), regarding which Defendants have filed a response (DE 30) and Plaintiff has filed a reply (DE 32); and, **(3)** Defendants' February 26, 2019 motion for leave to file a second dispositive motion (DE 31), regarding which Plaintiff has filed a response (DE 33).

**B.  Plaintiff's Motion to Compel Discovery and for Sanctions pursuant to Fed. R. Civ. P. 37(a)(1) is granted in part and denied in part.**

Plaintiff alleges that, on or about December 1, 2018, he served the following discovery request upon Defendants:

> A legible copy of all complaints, reports, Step I prisoner grievances and Step I responses thereto, and other documents of allegations of the use of excessive force, including prisoner complaints made under the Prison Rape Enforcement Act ("PREA") against Defendant[s] Nickolas Leslie [and Herb Brighton].

(DE 29 at 1.) On or about December 13, 2018, Defendants responded: "Defendants object to this request on the grounds that all requested PREA complaints or grievances or allegations of excessive force against [Defendant Leslie or Defendant Brighton] that are not related to this claim are irrelevant to this claim." (DE 30-1.)

2

Plaintiff argues that the requested documents are relevant to his claims of "the use of excessive force" and fall within the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1).  (DE 29 at 2-3 ¶¶ 4-5.)  In addition to an order compelling Defendants to provide the requested discovery, Plaintiff seeks an order assessing sanctions and an award of Fed. R. Civ. P. 37(a)(5) "reasonable expenses."  (DE 29 at 3 ¶¶ 7-8.)  Given Plaintiff's reliance upon Fed. R. Civ. P. 37, the Court construes his requests for sanctions and an award of reasonable expenses as one in the same.

Defendants contend that "complaints, allegations or reports of excessive force" and "Step I grievances related to excessive force" that do not pertain to Plaintiff's claim are not relevant to this lawsuit.  (DE 30 at 3-4.)  However, the Undersigned finds that past incidents of excessive force may be "relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Interestingly, Defendants' response does not specifically take issue with the request for PREA information, as they did in their actual discovery responses.  (*Compare* DE 30-1 at 3 *with* DE 30 at 3-4.)  Still, looking to the objection as phrased in their December 13, 2018 responses, the Court is not convinced that PREA related complaints involving Defendants Leslie or Brighton (assuming any such material exists) fall within Fed. R. Civ. P. 26(b)(1)'s scope here, where Plaintiff's Eighth Amendment claim is based on restraints and handcuffs.  (*See* DE 1 ¶ 28.)  This is so, even if Plaintiff is correct that a PREA

complaint "inexorably includes an allegation of excessive force[.]" (DE 29 at 2 ¶ 5.) The two types of assaultive behavior are radically different, one being of a sexual nature and the other not.

Upon consideration, the Court is not convinced, as Defendants would put it, that "Plaintiff is engaging in a fishing expedition of curiosity and harassment." (DE 30 at 4.) Accordingly, Plaintiff's motion to compel discovery and for sanctions pursuant to Fed. R. Civ. P. 37(a)(1) (DE 29) is **GRANTED** to the extent it seeks an order compelling Defendants to respond to the aforementioned requests for production, *i.e.*, Requests C and D (DE 30-1 at 3), but it is **DENIED** to the extent these requests seek PREA information. Defendants **SHALL** serve responses to these requests no later than **Thursday, May 23, 2019**. However, Plaintiff's motion (DE 29) is **DENIED WITHOUT PREJUDICE** to the extent it seeks sanctions in the form of an award of Rule 37(a)(5) reasonable expenses. Although Plaintiff has provided some evidence that he "attempt[ed] in good faith to obtain the disclosure or discovery without court action[,]" Fed. R. Civ. P. 37(a)(5)(A)(i),[2] Defendant's "nondisclosure, response, or objection was

---

[2] Plaintiff contends that he attempted to resolve this issue informally by way of a January 2, 2019 letter, but he claims that Defendants did not respond to the letter or produce the requested documents. (DE 29 at 2 ¶¶ 2-3; *see also* DE 32 at 3.) In their February 11, 2019 motion, Defendants appear to argue that Plaintiff "failed to comply with W.D. Mich. LCivR 7.1(d) by failing to confer in good faith with the Defendants' counsel[.]" (DE 30 at 2.) Preliminarily, the Court assumes that Defendants intended to refer to *E.D.* Mich. LR 7.1(a) ("Seeking Concurrence in

substantially justified[,]" Fed. R. Civ. P. 37(a)(5)(A)(ii), or "other circumstances make an award of expenses unjust[,]" Fed. R. Civ. P. 37(a)(5)(A)(iii). Plaintiff may renew his request for Rule 37 reasonable expenses in the event Defendants fail to comply with the instant order.[3]

## C. Defendants May File a Second Dispositive Motion.

Upon consideration, Defendants' February 26, 2019 motion for leave to file a second dispositive motion (DE 31) is **GRANTED**. True, "[a] party must obtain leave of court to file more than one motion for summary judgment[,]" E.D. Mich. LR 7.1(b)(2), and the Court's scheduling order notes that the Court is unlikely to grant leave under Local Rule 7.1(b)(2). (*See* DE 24 at 2.) Also, the Court is mindful of Plaintiff's response that "Defendants have failed to show good cause as

---

Motions and Requests."). Moreover, to the extent Defendants assert that "Plaintiff does not attempt to give any reason for requesting these documents[,]" or Plaintiff "does not explain what the documents might show or what evidence they might lead to[,]" (DE 30 at 4), Plaintiff replies that his discovery request and letter "made clear . . . that the requested discovery could lead to the discovery [of] other prisoner witnesses." (DE 32 at 1 ¶ 3).

[3] Plaintiff is put on notice that "a *pro se* litigant is not eligible for the award of attorney fees." *Range v. Brubaker*, No. 3:07-CV-480, 2008 WL 5249004, at *2 (N.D. Ind. Dec. 16, 2008) (citations omitted). *See also Jones v. Easter*, No. 17-3089-EFM-KGG, 2019 WL 1569295, at *8 (D. Kan. Apr. 11, 2019) ("Plaintiff, who is representing himself *pro se*, is not, however, entitled to an award of attorney's fees.") (citations omitted); *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 525 (D. Md. 2009) (Plaintiff was "entitled to seek reimbursement for costs, *exclusive of attorney's fees*, properly apportioned to the Motion filed and relief received.") (emphasis added).

5

to why they should be granted leave to file a second motion for summary judgment[,]" including Plaintiff's assertions that "Defendants were well aware of the fact of Plaintiff's incapacitation as early as . . . their being served with his complaint in March 2017[,]" and that Defendants "were aware of Plaintiff's condition at the time they filed their first motion for summary judgment nearly two years ago." (DE 33 at 1-3.) Nonetheless, Defendants' request is purportedly based on "newly discovered information[,]" *i.e.*, information they learned during the deposition of Plaintiff at ARF on December 14, 2018 and the deposition of Anthony Chandler at Chippewa Correctional Facility (URF) on January 23, 2019. (DE 31 at 6-8, DE 31-1.) Accordingly, Defendants are permitted up to and including **Monday, June 17, 2019** by which to file a second motion for summary judgment. <u>However, briefing on any such motion will be subjected to the follow page limitations – 12 pages for Defendants' motion brief, 12 pages for Plaintiff's response brief, and 3 pages for Defendants' reply brief</u>.

**D.     Plaintiff's Motion for the Appointment of Counsel is Denied without Prejudice.**

On November 28, 2018, the Court explained that it would entertain Plaintiff's November 21, 2018 motion for the appointment of counsel after the Court has ruled upon Plaintiff's then-pending objection to the October 29, 2018 report and recommendation. (DE 24 at 3.) This occurred on March 29, 2019, when Plaintiff's objections were overruled and his motion for summary judgment

6

was denied. (DE 34.) Thus, it is now appropriate to consider Plaintiff's motion for the appointment of counsel.

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel . . . . The

7

appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[4] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for recruitment of counsel. Among other things, Plaintiff contends that: **(1)** he "has absolutely no legal training, skill, or understanding whatsoever of the Federal Rules of Civil Procedure or any other facet of the law[;]" **(2)** expresses concern about his appearance *in pro per* at the November 27, 2018 status conference; **(3)** he is "financially unable to retain counsel to represent him;" and, **(4)** "all of the filings in this case were researched

---

[4] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

and drafted, not by Plaintiff, but by another prisoner certified as a Legal Writer[.]" (DE 21 ¶¶ 2, 4, 6, 8.)  Moreover, Plaintiff contends that his "abject lack of understanding in the law" and "the posture of this case" constitute exceptional circumstances.  (DE 21 ¶ 9.)  However, notwithstanding Plaintiff's concern about his ability to represent himself at the aforementioned status conference, factors such as a lack of legal knowledge or a lack of financial resources would apply to most *pro se* prisoners proceeding *in forma pauperis* and do not constitute exceptional circumstances.  Generally speaking, non-lawyers have only limited knowledge of the law, although Plaintiff has held his own quite well up to this point, despite his lack of licensed counsel, submitting cogent filings and surviving a round of dispositive motion practice, even if only with help from the MDOC's Legal Writer Program.  *See* MDOC PD 05.03.116 ("Prisoners' Access to the Courts") ¶¶ R-V, effective Oct. 17, 2014.  Also, while the Court has granted Defendants' dispositive motion as to Plaintiff's ADA claim (Count I), the remaining Eighth Amendment claim (Count II) does not appear to be terribly complex.  (DE 1 ¶¶ 26-30, DE 15 at 12.)  Finally, there is no indication that, if he loses this civil case, Plaintiff will be deprived of his physical liberty over and above his current sentence.

Accordingly, at this time and in light of Defendants' approved and anticipated second motion for summary judgment, Plaintiff's motion for the

appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (DE 21) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: May 7, 2019　　　　　　　　　s/*Anthony P. Patti*
　　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on May 7, 2019, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　　　　　Honorable Anthony P. Patti